FOX ROTHSCHILD LLP
Yann Geron (YG 1130)
Fred Stevens (FS 1346)
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Counsel to Plaintiff Yann Geron, Chapter 7 Trustee
  of East West Trading, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 7 |
| EAST WEST TRADING, INC., | : |
| | : Case No. 06-11010 (RDD) |
| Debtor. | : |

---------------------------------------------------------x

| | |
|---|---|
| YANN GERON, Chapter 7 Trustee of the Estate of East West Trading, Inc., | : |
| | : |
| Plaintiff, | : |
| | : Adv. Pro. No. 08-_____ |
| -against- | : |
| | : |
| LC.COM, LTD., | : |
| | : |
| Defendant. | : |

---------------------------------------------------------x

**TRUSTEE'S COMPLAINT SEEKING JUDGMENT (I) AVOIDING
PREFERENTIAL TRANSFERS; AND (II) EXPUNGING CLAIMS**

Yann Geron (the "Plaintiff" or "Trustee"), Chapter 7 trustee of the estate of East West Trading, Inc., the above-captioned debtor (the "Debtor"), by his attorneys, Fox Rothschild LLP, as and for his complaint herein against LC.Com, Ltd. (the "Defendant"), upon information and belief, respectfully sets forth and represents:

## INTRODUCTION

1. On May 9, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On February 13, 2007 (the "Conversion Date"), the Debtor's chapter 11 case was converted to one under chapter 7 upon the motion of the United States Trustee. The Debtor was operating in Chapter 11 for approximately nine months (the "DIP Period").

3. On or around the Conversion Date, Yann Geron was appointed interim Chapter 7 trustee of the Debtor's estate. Thereafter, Mr. Geron qualified and is currently serving as permanent trustee herein.

## JURISDICTION AND BASIS FOR CLAIMS

4. This adversary proceeding is brought under 11 U.S.C. §§ 502(d), 547 and 550, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in order to obtain a judgment against Defendant for the avoidance and recovery of transfers made by the Debtor to Defendant in the ninety (90) day period prior to the Petition Date (the "Recovery Period").

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§157(a) and (b), and 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

6. This is a core proceeding under 28 U.S.C. §§157(b)(2)(A), (B), (F) and (O).

7. Venue is proper in this district under 28 U.S.C. §1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

NY1 117702v1 05/06/08

**PARTIES**

8. The Trustee is a member of the panel of private trustees established by the United States Trustee under 28 U.S.C. §586. The Trustee maintains offices at Fox Rothschild LLP, 100 Park Avenue, 15th Floor, New York, New York 10017.

9. The Debtor is a corporation organized under the laws of New York State. Prior to the Conversion Date, the Debtor maintained offices at 1431 Broadway, 9th Floor, New York, New York 10018. The Debtor's estate is now being liquidated under the direction and control of the Trustee.

10. Defendant is a corporation with a place of business at 310 Riverside Drive, New York, New York 10025, and a registered agent for service of process at Nationwide Information Services, Inc., 3500 South Dupont Highway, Dover, DE 19901.

**FACTS**

11. Prior to the Conversion Date, the Debtor operated as a garment manufacturing agent that took garment orders from large retailers and outsourced the manufacturing to various places around the world.

12. During the Recovery Period, the Debtor made one or more transfers (collectively, the "Transfers") to the Defendant in the total collective amount of $121,773 as detailed on the schedule annexed hereto as Exhibit A, which is incorporated herein and made a part hereof.

**COUNT ONE**
**(Avoidance and Recovery of Preferential Transfers – 11 U.S.C. §§ 547 and 550)**

13. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 12, as if fully set forth herein.

NY1 117702v1 05/06/08

14. Sections 547(b) and 550 of the Bankruptcy Code empower a trustee, for the benefit of the estate, to avoid and recover a transfer to a creditor of an interest of the debtor in property if the requirements set forth therein are satisfied.

15. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

16. Each of the Transfers was on account of an antecedent debt owed by the Debtor before such transfers were made.

17. The Transfers were made while the Debtor was insolvent.

18. The Transfers enabled the Defendant to recover more than it would have received if: (i) the case was a case under Chapter 7, (ii) the Transfers had not been made, and (iii) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

19. By reason of the foregoing, the Transfers should be avoided and set aside as preferential, and the money transferred should be returned to the Debtor's estate. Trustee is entitled to recover from Defendant an amount to be determined at trial that is not less than the full amount of the Transfers, plus applicable interest from the date of this Complaint.

**COUNT TWO**
**(Disallowance of Claim – 11 U.S.C. § 502(d))**

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19, as if fully set forth herein.

21. Defendant filed may assert one or more claims against the Debtor's estate (collectively, the "Claims").

22. Section 502(d) of the Bankruptcy Code provides that the Court shall disallow the claim of any entity from which property is recoverable under section 547(b) of the

4

Bankruptcy Code, unless such entity or transferee has paid over the amount or returned the property for which such entity is liable.

23. For all the foregoing reasons, this Court should disallow the any and all Claims of Defendant in their entirety unless and until Defendant returns the Transfers to the Trustee.

*WHEREFORE*, the Trustee demands judgment against Defendant as follows:

a. Avoiding the Transfers, or directing the Defendant to pay to Trustee the equivalent value of such Transfers, plus applicable interest from the date of this Complaint;

b. Expunging Defendant's Claims; and

c. Granting such other and further relief as this Court deems just.

Dated: New York, New York
May 8, 2008

    FOX ROTHSCHILD LLP
    Attorneys for the Trustee/Plaintiff

By: _____
    Yann Geron (YG 1130)
    Fred Stevens (FS 1346)
    100 Park Avenue, 15th Floor
    New York, New York 10017
    (212) 878-7900

5

**Exhibit "A"**

| Check Date | Check # | Payee | Check Amount |
|---|---|---|---|
| 02/23/06 | Wire | Lc.Com Ltd. | $ 28,560.00 |
| 02/10/06 | Wire | Lc.Com Ltd. | 93,212.60 |
| | | | **$ 121,772.60** |